IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LYNETTE M. WALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 21-1498-GBW |
| | ) | |
| AMAZON.COM, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Lynette M. Walley, New Castle, Delaware, Pro se Plaintiff.

Jody Barillare, Esquire, Ann Marie Effingham, Esquire, and Emily C. DeSmedt, Esquire, Morgan Lewis & Bockius LLP, Wilmington, Delaware.   Counsel for Defendant Amazon.com Services LLC.

**MEMORANDUM OPINION**

September 16, 2022
Wilmington, Delaware


**WILLIAMS, U.S. District Judge:**

Plaintiff Lynette M. Walley who appears *pro se* and has paid the filing fee, commenced this employment discrimination and retaliation claim on October 25, 2021. (D.I. 2) Before the Court are Plaintiff's requests for counsel,[1] motion for an extension of time, and motion to stay and Defendant Amazon.com Services LLC's (improperly named as Amazon.com Inc) motion to dismiss. (D.I. 4, 9, 17, 22, 24) The matters have been briefed.

## I. BACKGROUND

Plaintiff alleges that Amazon and its employees retaliated against her for a number of reasons. She does not invoke any federal discrimination statute in her Complaint. On February 17, 2022, Plaintiff filed an EEOC notice of suit rights, EEOC No. 17C-2018-00349. (D.I. 8) A few days later she filed a motion for an extension of time to properly amend the complaint, correct the defendants, seek an attorney, and serve defendants. (D.I. 9)

Amazon moves to dismiss the Complaint. (D.I. 17) Attached to the motion is Plaintiff's charge of discrimination for EEOC No. 17C-2018-00349

---

[1] Plaintiff sought and was denied *in forma pauperis* status based upon her annual income. (D.I. 1, 5) Under 28 U.S.C. § 1915(e)(1) the court may request an attorney to represent any person unable to afford counsel. The Court finds that Plaintiff does not meet that standard and, therefore, her requests will be denied. The Court will also deny that portion of Plaintiff's motion for an extension of time to seek counsel. There is no imposed Court deadline to do so.

1

asserting retaliation and disability under the Americans with Disabilities Act and the Delaware Persons with Disabilities Employment Protections Act. (D.I. 18-1 at 2) Amazon's grounds for dismissal include: the Complaint does not properly allege discrimination or failure to accommodate claims under the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et seq.*, the ADA retaliation claim fails because Plaintiff did not engage in protected activity under Title VII or the ADA; she does not timely assert a workers' compensation retaliation claim; and the claims against the individual defendants fail to state claims upon which relief can be granted and they were never served. (D.I. 18) Plaintiff responded to the motion to dismiss by filing a combined motion to stay[2] and a reply brief in support of her motion to stay that contains her opposition to dismissal and raises facts not contained in the Complaint. (D.I. 22, 25) Amazon notes that the opposition was untimely and the brief is actually an improper sur-reply. (D.I. 27)

## II.  LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards

---

[2] The motion to stay will be denied. (D.I. 22)

2

than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has

3

facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III.  DISCUSSION

### A.  ADA, Discrimination and Failure to Accommodate

Amazon seeks dismissal on the grounds that the Complaint does not properly allege discrimination or failure to accommodate claims under the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et seq*. Plaintiff seeks leave to amend the Complaint.  (D.I. 9)  Plaintiff's opposition provides new facts that are not in the Complaint.  Plaintiff may not amend her Complaint through her opposition, and new facts may not be considered by the Court. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

To establish a prima facie case under the ADA, Plaintiff must establish that she (1) has a disability, (2) is a qualified individual, and (3) has suffered an adverse employment action because of that disability. *McNelis v. Pennsylvania Power &*

4

*Light Co.*, 867 F.3d 411, 414 (3d Cir. 2017). To state a claim for disability discrimination under the ADA based on an alleged failure to accommodate a disability, Plaintiff must demonstrate that she: (1) is a disabled person within the meaning of the ADA; (2) is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) has suffered an otherwise adverse employment decision as a result of discrimination which includes refusing to make reasonable accommodations for her disability. *See Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 186-87 (3d Cir. 2009).

Upon review of the Complaint, and for the reasons set forth by Amazon, the Court agrees that the Complaint fails to state a claim for disability discrimination under the ADA and fails to state a failure to accommodate claim under the ADA. Amazon's motions to dismiss these claims will be granted. Because it is possible that Plaintiff may be able to state a claim upon amendment, that portion of Plaintiff's motion to properly amend the complaint will be granted ONLY as to these two claims. (D.I. 9)

Defendants move for dismissal of the ADA claims raised against the individual defendants as the ADA does not provide for individual liability. To the extent Plaintiff intended to raise ADA claims against the individual defendants, the law is well-established in the Third Circuit that parties cannot be held liable in

5

their individual capacities under the ADA. *See Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) (no individual liability under the ADA). Accordingly, the Court will grant Defendants' motion to dismiss the ADA claims against the individual defendants. There is no need to address the issue that the individual defendants were not served. In addition, the Court will deny that portion of Plaintiff's motion to correct the listed defendants. (D.I. 9)

To the extent Plaintiff raises a retaliation claim under the ADA, it fails as a matter of law. The complaint alleges retaliation occurred by reason of Plaintiff filing a workers' compensation claim. Filing a claim for workers' compensation does not constitute protected activity under either Title VII or the ADA and, thus, Plaintiff cannot meet the elements of a retaliation claim. *See Lanza v. Postmaster Gen. of U.S.*, 570 F. App'x 236, 241 (3d Cir. 2014) (citing *Reynolds v. American Nat'l Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012) (finding that "[f]iling a workers' compensation claim is not something that is covered by the ADA" and that retaliation for making such claim is not actionable under ADA). Accordingly, the Court will grant the motion to dismiss the ADA retaliation claim.

Finally, to the extent Plaintiff raises a workers' compensation retaliation claim, the claim is time-barred under 19 Del. C. § 2365 which has a two-year statute of limitation. Under § 2365 it is unlawful for any employer or the duly authorized agent of any employer to retaliate in any manner against an employee as

6

to the employee's employment because the employee has engaged in protected activity. The Complaint alleges retaliation occurred in March 2018 when Plaintiff was placed on a leave of absence; yet Plaintiff did not commence this action until October 25, 2021, long past the two-year limitation period. Notably, Plaintiff was not required to exhaust her workers' compensation claim under Delaware law, *see* 19 Del. C.§ 2365, and the limitation period was not equitably tolled during the time Plaintiff sought to exhaust her administrative remedies under the ADA. *See Lamb–Bowman v. Delaware State Univ.*, 1999 WL 1250889, at *10 (D. Del. Dec. 10, 1999) (holding that the statute of limitations on Plaintiff's state wrongful discharge claim was not subject to tolling during the pendency of her EEOC administrative claim); *Williams-Jefferies v. AARP*, 2016 WL 3166309, at *4 (D.D.C. June 6, 2016) (Second, Seventh, and Ninth Circuits have rejected the argument that the exhaustion of administrative remedies under Title VII operates to toll the statute of limitations for state-law claims). Thus the workers' compensation retaliation claim is time-barred, and Amazon's motion to dismiss this claim will be granted.

## IV. CONCLUSION

For the reasons discussed above, the Court will: (1) deny Plaintiff's requests for counsel (D.I. 4, 24); (2) grant Plaintiff's motion for an extension of time to file an amended complaint and deny Plaintiff's motion for an extension of

time to correct the listed defendants and serve them and retain counsel (D.I. 9); grant Defendants' motion to dismiss (D.I. 17); and (2) deny Plaintiff's motion to stay (D.I. 22). Plaintiff will be given leave to amend the ADA disability claim and the ADA failure to accommodate claim.

An appropriate order will be entered.